JACKSONVILLE EXPRESSWAY AUTHORITY v. HILL, et al.
No. 60-1434-L.

Circuit Court, Duval County.
September 19, 1961.

134

Charles R. Hess, Jacksonville, for petitioner.

Edward McCarthy, Jacksonville, for defendants.

WILLIAM H. MANESS, Circuit Judge.

This is a proceeding supplemental to the trial of the issue of just compensation for the purpose of determining the appropriate division of the jury award of $56,540 for the property taken and damage to the remainder and a division of the award of attorney's fees of $2,000. The fee simple title to the land taken (parcel 212) was in one W. C. Berrier subject to a written lease under which Orange State Oil Company (distributor of Cities Service Products) was granted a 15 year term beginning November 1, 1952, with an option for an additional 5 years and an option to purchase for $50,000 at the expiration of the 15 year term or the extension thereof, provided notice of the exercise of such option was given at least 30 days prior to such expiration dates. Both the lessor and the lessee were represented at and participated in the trial of the issue of just compensation.

In the supplemental proceedings before this court, the lessee proceeded on the theory that it is entitled to the value of the unexpired term of its lease, but among the exhibits in evidence is a letter dated September 23, 1960, which was written by one R. W. VanBrunt, secretary-treasurer of the lessee (and whose signature was also affixed to the lease) to the lessor and which was received by the lessor, which said letter reads as follows —

**ORANGE STATE OIL COMPANY**
368 N. E. 58th Terrace
Miami, Florida

P. O. Box 2890
Phone PL 7-1601

Cities Service Products in Florida
September 23, 1960

SUBJECT: Jax Expressway Condemnation
SS #1644 - Berriers SS
3001 North Main Street
Jacksonville

Mr. W. C. Berrier, President
Berriers' Inc.
251 Ravine Street
Jacksonville 6, Florida

My dear Mr. Berrier:

We last wrote you on July 13.

Our attorneys have just advised that the Expressway Authority informed them that at a meeting of the Expressway Authority on Tuesday, September 20 the Authority approved the contemplated project and authorized immediate filing of the condemnation suit.

Because of this impending work, the operator of our station, as you know, vacated a few weeks ago and the station has been closed since that time.

Also in view of the work you will understand that we will be unable to re-open the station and in fact we would not wish to do so.

Therefore, we are removing all of our equipment and personal property.

Our understanding of the situation is as follows:

1. The taking will cover approximately one-half of the land and practically the whole of the service station building.

2. This will render the property unusable and unsuitable for gasoline service station purposes.

3. The Order of Taking by the Court will, therefore, constitute a cancellation of our lease with you.

4. Thereupon and as of the date of the Order of the Taking or as soon thereafter as convenient, we will deliver possession of the property to you at a mutually convenient time.

5. Inasmuch as the Order of Taking will constitute a cancellation of the lease, we will thereupon discontinue paying any further rentals under the lease, paying no further rentals to you or to the Atlantic National Bank of Jacksonville.

6. The mortgage balance to the Bank will be taken out of the amount of any damages you received and perhaps you may be able to arrange with the Expressway Authority or obtain an order of the Court to go ahead at the time of the Order of Taking and pay off the mortgage to the Bank in order to stop any further accrual of interest on the mortgage.

Our attorneys will represent us with the Jacksonville Expressway Authority in regard to any damages which may be due us as a result of the condemnation.

It may well be that the Expressway Authority will wish to settle our damages separately and apart from yours which will be entirely agreeable with us.

On the other hand, they may wish to include any payment for any amount of damages due us in the amount of damages to be paid or awarded to you.

These are, of course, mutual steps which your attorneys and ours will handle with the attorneys for the Expressway Authority.

If our understanding of the situation as outlined herein is incorrect, please let us know or perhaps you may wish to have your attorneys confer direct with our attorneys.

You may depend upon our full cooperation to the end that you as well as ourselves will receive full and just compensation for our damages.

Yours very truly,

ORANGE STATE OIL COMPANY
/s/ R. W. VanBrunt
R. W. VAN BRUNT
Secretary-Treasurer

RWVB/mm

cc: Hudson, McNutt, Campbell & Isom
    830 Seybold Bldg., Miami 32, Florida
    Attn: Mr. G. M. McNutt

    McCarthy, Adams and Foote
    801 Atlantic National Bank Bldg.
    Jacksonville 2, Florida
    Attn: Mr. Edward McCarthy

    Mr. G. A. Taylor, Vice President
    Atlantic National Bank of
    Jacksonville, Florida

    Mr. J. Ronald Percefull, District Manager
    Orange State Oil Company
    P. O. Box 1680, Jacksonville, Florida

Dictated but not read

To the above letter, Mr. Berrier made no reply but his attorney did work with counsel for the lessee in the trial of the issue of just compensation. The letter was never retracted, modified or otherwise altered and the lessee followed and maintained its position as outlined in the letter and took no action inconsistent therewith. The record is silent as to any conference between the attorneys for the lessor and lessee on the question of the asserted cancellation and the compelling inference is that Mr. Berrier at least acquiesced in the asserted cancellation by his failure to reply to

said letter and assert that the "understanding of the situation" as outlined by Mr. VanBrunt "is incorrect."

Parcel 212 was only a partial taking of the leased premises but it would have been necessary to redesign and construct a new building in order to continue to utilize the remaining property as a filling station site. This the lessee did not desire or attempt to do; but instead carried out its declared intention to remove its movable property and abandon the property which it did before the filing of the Petition for Condemnation and Declaration of Taking on October 19, 1960, and before the Order of Taking entered November 8, 1960.

Based on the foregoing letter and the testimony and evidence before the court, this court finds that said letter and the subsequent course of conduct pursued by the lessee constituted in law and in fact an anticipatory breach of the contract of lease and a termination and cancellation thereof effective not later than November 8, 1960, and that as a matter of fact and law there was an acceptance of such cancellation and termination of said lease on the part of the lessor by the failure of the lessor to reply to or otherwise protest the position taken by the lessee in its letter of September 23, 1960, and that on November 8, 1960 (date of valuation of interest taken; F.S. 73.10) there was no unexpired term of said lease, and nothing for which the lessee is entitled to be compensated.

The court further finds as a matter of fact from the evidence before it, that irrespective of the question of the cancellation, or breach, of the said lease, the unexpired period of said lease (if not cancelled or terminated) had no monetary value for which the lessee is entitled to be compensated, which finding rests squarely upon the evidence that from the inception of the lease the revenues from the operation of the site had never equaled the rentals, the lessee's liability for future rentals, the statement contained in the above mentioned letter, to-wit: " . . . we will be unable to re-open the station and in fact we would not wish to do so", and the testimony of appraiser Paul Aiken.

Therefore, it is considered, ordered and adjudged that the entire award of the jury herein on the issue of just compensation and attorney's fees as to parcel 212 should be declared to be the property of the owner, W. C. Berrier, and the alleged lessee, Orange State Oil Company, a corporation, has no interest therein and is entitled to no part thereof.